# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re: Matthew J. Anders

Chapter 13
Case No. 24-10152

Debtor.

_____

Appearances:
The attorney for the debtor          Todd Taylor, Esq.
The Chapter 13 Trustee               Andrea E. Celli
Other appearances:

## FINDINGS AND ORDER CONFIRMING CHAPTER 13 PLAN

A hearing on confirmation of the debtor's[1] Chapter 13 Plan dated August 7, 2024, was held on October 22,2024.

Based upon the record in this case and the evidence presented at the hearing, and after due consideration of the Chapter 13 Plan, the Chapter 13 trustee's preliminary report, any objections to the Plan, and the arguments presented at the confirmation hearing both in support of and in opposition to the Plan,

**THE COURT MAKES THE FOLLOWING FINDINGS:**

i.      The Plan complies with the provisions of chapter 13, and all other applicable provisions of the Bankruptcy Code, as well as this Court's local rules, and judicial rulings.

ii.     All fees, charges, or amounts required to be paid before confirmation of the Plan or by the provisions of Title 28, United States Code, have been paid.

iii.    The Plan has been proposed in good faith and not by any means forbidden by law.

iv.     As of the effective date of the Plan, the value of property to be distributed under the Plan for each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

v.      With respect to each allowed secured claim provided for in the Plan, the treatment complies with 11 U.S.C. §1325(a)(5).

vi.     The debtor will be able to make all Plan payments and comply with the Plan.

_____

[1] In a joint case, the term "debtor' shall refer to both debtors.

vii.    The debtor filed this case in good faith.

viii.   The debtor is current on all domestic support obligations.

ix.    The debtor has filed all required tax returns.

x.    The Plan has been transmitted to all parties in interest and the notice of the confirmation hearing required by Federal Rules of Bankruptcy Procedure 2002 and 3015(d) has been given.

xi.    The debtor has appeared at all required meetings and hearings and is in compliance with all court orders issued in this case.

xii.    Any filed objections to the Plan not specifically addressed herein are insufficient to warrant denial of confirmation of this Plan.

xiii.   Debtor's attorney's fees proposed in the Plan and set forth below are reasonable.

xiv.   The debtor is in full compliance with 11 U.S.C. §521.

## I.    DESCRIPTION OF THE PLAN AS CONFIRMED

## PART 1:  ADDITIONAL RELIEF SOUGHT AND AUTHORIZED BY THE PLAN

[ ]    Reclassification or reduction in amount of secured claim, a change in the interest rate to be paid on an allowed secured claim, or other modification of the repayment terms of a secured claim, see Part 3.2 of the Plan, results in the following treatment of these secured claims:


[ ]    Avoidance of the following judicial liens or nonpossessory, nonpurchase-money security interest, see Part 3.4 of the Plan:

_____

## PART 2A:  PLAN PAYMENT AND LENGTH OF THE PLAN

2.1    Debtor will make regular payments to the trustee as follows:
$300.00 monthly for 60 months, see Part 2.4 of the plan.

2.2    Debtor will make payments in the following manner:
[ X]    pursuant to a payroll deduction order, the debtor's employer shall withhold funds from each of the debtor's paychecks and send the funds, with the debtor's name and case no. (24-10152), addressed to:

**Andrea E. Celli, Chapter 13 Standing Trustee**
**P.O. Box 39**
**Memphis, TN 38101-0039**

[ ]    pursuant to an order authorizing an automatic bank account debit.

[ ]    other (specify): _____

2.3    Income Tax Refunds:

[ X]    Debtor will retain any income tax refunds during the Plan term;

[ ]    Debtor will supply the trustee with a copy of each income tax return filed during the Plan term within fourteen (14) days of the filing of the return and will turn over to the trustee all income tax refunds received during the Plan term; or

[ ]    Debtor will treat income tax refunds as follows:

_____

2.4    Additional payments:  _Plus all nonexempt proceeds from the collection of a consumer frauds judgment held by the debtor on the date of filing.___

2.5    **The total amount of payments the debtor will make under the Plan: $_18,000.00_____**

## PART 2B:  AMOUNT OF ESTIMATED TRUSTEE DISBURSEMENTS UNDER THE PLAN

The Trustee shall disburse funds paid under the Plan as follows:[2]

| | | |
|---|---|---|
| a. | Maintenance and cure of payments on secured claims (Part 3, § 3.1) | |
| | i.    Pre-petition mortgage arrearage | $_____ |
| | ii.    Estimated total of monthly post-petition mortgage payments | $_____ |
| b. | Modified undersecured claims (Part 3, § 3.2 total) | $_____ |
| c. | Secured claims excluded from 11 U.S.C. § 506 | $_____ |
| d. | Judicial liens or security interests partially avoided (Part 3, § 3,4 total | $_____ |
| e. | Fees and priority unsecured claims (Part 4 total) | $_2,364.40_____ |
| f. | Nonpriority unsecured claims (Part 5, § 5.1, highest stated amount | $_15,635.60_____ |
| g. | Maintenance and cure payment on nonpriority unsecured claims (Part 5, § 5.2 total) | $_____ |
| h. | Separately classified nonpriority unsecured claims (Part 5, § 5.3 total) | $_____ |
| i. | Trustee payments on executory contracts and unexpired leases (Part 6, § 6.1 total) | $_____ |
| j. | Nonstandard Plan payments (Part 8, total) | $_____ |

---

[2] If there is any difference between the amounts set out in this Order and the terms of the Plan, the terms of this Order control. The total amounts listed in Part 2B do not include any direct payments made by the debtor, which are included in Part 6 of the Plan.

**The total amount the Trustee shall disburse under the Plan:**          $ 18,000.00

## PART 3: TREATMENT OF SECURED CLAIMS

3.1     Maintenance of payments and cure of defaults, if any:

| Name of Creditor | Collateral | Current Installment pymt (inc escrow) | Amt of Pre-petition arrearage (if any) | Int Rate on arrearage (if any) | Average monthly Plan Pymt on arrears See Item No.9 in Part III, below | Total of Post-petition mtge pymts by Trustee [(amt of install pymt) x (mos in Plan + 2)] |
|---|---|---|---|---|---|---|
| Shellpoint Mtg Servicing | 4181 Lower Newton Road | $1,440.00 | $0.00 | n/a | n/a | n/a |

Disbursed by:

 Trustee

 X Debtor

3.2.    Valuation of security, payment of fully secured claims, modification of undersecured claims.

3.3     Secured claims excluded from 11 U.S.C. § 506.

_____

3.4     Lien avoidance pursuant to 11 U.S.C. § 522(f) and Federal Rule of Bankruptcy Procedure
        4003(d).

_____

3.5     Surrender of collateral:

| Name of Creditor | Collateral |
|---|---|
| Ally Financial, Inc. | 2021 Kia Soul |

_____

## PART 4:  TREATMENT OF FEES AND PRIORITY UNSECURED CLAIMS

4.1     General:          The Trustee's fees and all allowed priority claims, including domestic
                          support obligations, other than those treated in Part 4.5 in the Plan, will be
                          paid in full without post-petition interest.

4.2     Trustee's Fees:   The Trustee's fees are governed by statute and may change during the
                          course of the case, but are estimated to be  8.20    % of Plan payments.
                          During the term of the Plan, it is estimated that they will total $ 1,364.40 .

4.3    Attorney's Fees:    The balance of the fees owed to the attorney for the debtor, in the amount of $__1,000.00___, shall be paid through the Plan.

4.4    Priority claims other than attorney's fees shall be paid as follows:

_____

4.5    Domestic support obligations that have been assigned to or are owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4).

_____

## PART 5:  TREATMENT OF NONPRIOIRTY (GENERAL) UNSECURED CLAIMS

5.1    Allowed nonpriority unsecured claims (not separately classified) will be paid as follows:

The sum of $_16,551.60_ (minimum liquidation as agreed).

5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims with a final payment due after the final Plan payment, pursuant to 11 U.S.C. § 1322(b)(5);

_____

5.3    Separately classified nonpriority (general unsecured claims:

_____

## PART 6:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

_____

## PART 7:  VESTING OF PROPERTY OF THE ESTATE

7.1    Property of the estate will vest in the debtor upon:
[X ]  Plan confirmation      [  ] Entry of discharge        [ ] Other (specify:_____)

## PART 8:  NONSTANDARD PLAN PROVISIONS

8.1    Nonstandard provisions in the Plan:

_____
_____
_____

8.2     Other requirements applicable to implementation of this Plan:

_____

## II.      RELIEF UNDER EMBEDDED MOTIONS

1.      If relief has been sought under Part 3 of the Plan, then, pursuant to
Vt. LBR 3015-1(b)(1)(A-D), the debtor has either obtained or been denied a separate Order
pertaining to that relief as follows:

_____

## ORDER

## III.  DUTIES OF THE DEBTOR AND TRUSTEE DURING THE PLAN TERM

  **IT IS HEREBY ORDERED:**

1.      The Chapter 13 Trustee is authorized to, and shall, commence disbursements immediately, in
accordance with the Plan, except that the Trustee shall not begin disbursing mortgage
payments until the mortgage creditor files a proof of claim or the Court orders otherwise.

2.      (a)     The Chapter 13 Trustee shall not perform the duties specified in 11 U.S.C. §1302(c)
unless this Court orders him to do so.

        (b)     If the debtor is operating a business, as defined in 11 U.S.C. §1304(a), the debtor shall
perform the duties as specified in 11 U.S.C. § 704(a)(8) and file periodic reports of the
debtor's operations ("Operating Reports") in the form and frequency as the Court directs,
pursuant to 11 U.S.C. § 1304(c).

        (c)     The debtor shall timely file all required federal and state tax returns, pay all taxes when
due, and

        [ ]     the debtor shall provide copies of all tax returns (including any requests for an extension
or filing deadlines) to the Chapter 13 Trustee within fourteen (14) days of filing them
with the taxing authorities, or

        [ ]     upon request of the Chapter 13 Trustee, at any time while the case is pending, the
debtor shall provide copies of all requested tax returns (including requests for an
extension of filing) to the Trustee within ten (10) days of the Chapter 13 Trustee's
request.

3.      The debtor shall remain current on all post-petition domestic support obligations and the
debtor's failure to pay post-petition domestic support obligations may constitute cause for
conversion to chapter 7, or dismissal of the case under 11 U.S.C. §1307(c).

4.    Nothing in the Plan or in this Order shall be construed to limit the Chapter 13 Trustee's rights in any adversary proceeding filed under 11 U.S.C. §§ 544, 545, 547, 548 or 549.

5.    If the debtor is operating a business without a tax account, the debtor shall open a separate bank account and promptly deposit into it all sums withheld from employees' wages and all Employer payroll taxes, and shall make no disbursements from such account except to pay tax liabilities arising from payment of wages.

6.    In the event this case is converted to chapter 7, and the Chapter 13 Trustee possesses funds aggregating more than $2,500 at the time of conversion, the Chapter 13 Trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, after ten (10) days from the first scheduled § 341(a) meeting I the chapter 7 case, unless, prior to that date, the chapter 7 trustee files and serves a written objection pursuant to 11 U.S.C. § 348(f)(2). In the event the funds in the chapter 13 trustee's possession to the debtor in care of the debtor's attorney, if any. Nothing in this paragraph constitutes a determination of the rights of any particular party in such funds.

7.    In the event a proof of claim for a priority claim or secured claim to be paid in the Plan is filed in an amount greater than that provided for under the Plan and, after notice of the filed claims, the debtor neither objects to the claim nor modifies the Plan to pay it in full, the term of the Plan, to the extent it is less than 60  months, shall be extended up to 60 months as necessary to pay that claim in full.

8.    In the event a proof of claim for a priority claim or secured claim to be paid in the Plan is filed in an amount less than that provided for under the Plan, the difference between the amount provided for the claim in the Plan and the proof of claim shall be added to the dividend to be paid to unsecured creditors.

9.    In the event the Plan calls for the curing of a mortgage arrearage, the Trustee will commence disbursements for the mortgage arrearage claim as soon as the trustee has brought current the regular mortgage payments and paid all attorneys' fees due under the Plan. The amount of each disbursement on the mortgage arrearage claim will vary depending on the amount of funds the trustee has on hand in the case and the number and amount of fixed monthly payments the trustee is obligated to make under the plan.

10.   If the amount actually due a secured or administrative creditor over the term of the Plan is less than the amount allocated to that administrative expense or secured claim in the Plan then, upon a stipulation of the debtor and the Chapter 13 Trustee, the debtor may be authorized to use the funds available from this reduced amount due to cure a Plan payment arrears which arose during the last year of the Plan term.

11.   The debtor is enjoined from incurring any debt in excess of $2,500 while in a chapter 13 case, except that if the debtor obtains the Chapter 13 Trustee's consent, the debtor may (a) borrow up to $18,000 for the purchase, or enter an agreement committing to pay $300 per month for

the lease or a motor vehicle; or (b) up to $7,000 to pay extraordinary expenses necessary to support the debtor's health and general welfare. See Vt. LBR 4001-5(b)&(c).

12.    The debtor is also enjoined from selling any asset having a value of greater than $2,500, without the prior written and filed consent of the Chapter 13 Trustee or an order of this Court.

13.    (a)    Unless waived by the Chapter 13 Trustee in writing, the debtor shall immediately report to the Chapter 13 Trustee any actual or projected increase in gross annual income of 10% or more above the gross income stated by the debtor in the most recently field Schedule I.

       (b)    Except for those amounts listed in the schedules, the debtor shall report immediately to the Chapter 13 Trustee any right of the debtor or co-debtor to a distribution of funds (other than the regular monthly income) or of a property which exceeds a value of $2,500.  This includes the right to disbursement from any source, including but not Limited to bonuses and inheritances. Any such funds to which the debtor or co-debtor become entitled shall be held by the debtor and not used without the Trustee's consent or order of this Court.

14.    (a)    If the debtor has recently filed a tax return for a pre-petition tax period (with a federal taxing authority including, but not limited to, the Internal Revenue Service or any state taxing authority),
              (i)    the taxing authority which received that return may amend its claims after confirmation, and
              (ii)   the amount of any amended claim shall control the amounts to be paid, notwithstanding the amounts reflected in the Plan or this Order, unless the trustee or debtor files an objection to that amended proof of claim within 60 days of the filing date of the post-confirmation proof of claim and that objection is sustained.

       (b)    To the extent the allowed claim of the taxing authority is higher than the amount of the claim in this Order, the debtor shall move to modify the Plan, within sixty (60) days from the date of the filing of the proof of claim, or after a ruling on any objection to the amended proof of claim, whichever is later, to pay that tax claim in full.

   **IT IS FURTHER ORDERED** that, notwithstanding any provision in the plan to the contrary, the entry of this Order grants no relief that is only available through an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(6), including but not limited to an exception from discharge for a student loan debt under 11 U.S.C. § 523(a)(8).

   **IT IS FURTHER ORDERED** that:

       1.    The debtor shall timely pay the trustee, and the trustee shall timely disburse all payments Required by the Plan and described above.

       2.    The Plan dated August 7, 2024, and as described above, is CONFIRMED.

3.      All attorney's fees the debtor seeks to pay through the Plan are APPROVED.

4.      [ X]    There were no objections to confirmation to the Plan or any filed objections were withdrawn.

        [  ]    Objections to the Plan filed by _____ are hereby overruled for the reasons stated on the record at the hearing or by separate order or memorandum of decision.

5.      Other provisions: _____

October 31, 2024
 Burlington, Vermont                            Heather Z. Cooper
                                                United States Bankruptcy Judge